UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBERT LEON WILLIAMS,     Plaintiff,

v.     Civil Action No. 3:18-cv-P596-DJH

HARDIN COUNTY DET. CTR. et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Robert Leon Williams filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. STATEMENT OF FACTS

Plaintiff is housed at the Hardin County Detention Center (HCDC). He names as Defendants HCDC and in their individual and official capacities the following HCDC employees: Corporals Lewis and Gunter; Captain Reynolds; Lieutenant McDowell; Sergeant Majors Noe and Hayden; and Jailer Danny Allen. Plaintiff alleges that on May 27, 2018, he was moved to segregation for ten days because an investigation was being conducted regarding an assault on another inmate. He states that he was told the next day that he had been found guilty of the assault and given a "Category 4.1" write up. He also states that he was told that the Commonwealth Attorney was considering whether to bring criminal charges against him.

Plaintiff states that he told Defendant Lewis that the alleged assault victim had had a seizure and he tried to help him. Plaintiff states that Defendant Lewis told him that he had reviewed the video footage and had seen Plaintiff fighting with the victim. Plaintiff states that he asked to view the video footage, but he was denied.

Plaintiff next alleges that on July 2, 2018, Defendant Reynolds confirmed that Plaintiff had been found guilty of the assault. Defendant Reynolds also told him that he had reviewed the write-up and submitted it to the Department of Corrections. Plaintiff states that he requested an appeal because he had received no due process. He also alleges that the false charges against him pose a threat to his good-time credits and the possibility of parole.

Plaintiff alleges that Defendant Gunter conducted an investigation one month after he received the write-up.

Plaintiff alleges that Defendants McDowell, Noe, and Hayden did not allow him to see the video footage, did not give him a *Miranda* warning, and did not allow him to produce witnesses. He further alleges that Defendant Reynolds told him that if he filed this § 1983 action he "would regret it" and that criminal charges would be pressed. He alleges that Defendant Allen, as Jailer, must be knowledgeable about the activities at HCDC.

Plaintiff states that on August 28, 2018, the Parole Board gave him a 24-month deferment due to poor institutional adjustment and assaultive behavior based on the false accusation against him.

As relief, Plaintiff asks for $10,000,000.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims against Defendants Lewis, Reynolds, Gunter, McDowell, Noe, and Hayden

Plaintiff makes various allegations against these Defendants involving the implementation of and investigation of the disciplinary charge against him for assault. His allegations include not being allowed to see video footage, not being afforded due process, and not being allowed to produce witnesses.

A prisoner's ability to challenge a prison misconduct investigation and conviction depends on whether the actions implicated any liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to *Sandin*, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id*. at 484-87. Here, Plaintiff alleges that he was put in segregation for ten days, that the "false" charges against him constitute a threat to his good-time credits, and that his parole has been deferred.

Courts generally consider the nature and duration of a stay in segregation in determining whether it imposes an atypical and significant hardship. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). The Sixth Circuit has held that mere placement in segregation and placement for a relatively short period of time do not require the protections of due process. *See, e.g., Bennett v. Smith*, 110 F. App'x 633, 634 (6th Cir. 2004) (holding that administrative segregation for 68 days does not give rise to a protected liberty interest because it does not constitute an atypical and significant hardship on the inmate). Thus, even if the Court considers Plaintiff's ten days in segregation as punishment, such punishment gives no rise to due-process protection.

Further, even if Plaintiff had shown a protected liberty interest giving rise to due-process protection, such as showing that he lost good-time credit, his claim would be barred. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id*. at 486-87 (footnote omitted). Thus, if a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed because it is not cognizable until the challenged confinement has been remedied by some other process. *Id*. at 487.

The Supreme Court has extended the application of *Heck* to prison administrative proceedings, such as the one complained of by Plaintiff in this case, and clarified that a prisoner must show a favorable termination of his disciplinary proceeding before filing a civil action in cases where the duration of his sentence has been affected. *See Edwards v. Balisok*, 520 U.S.

641, 646 (1997). Nothing in the complaint suggests that the disciplinary action in question has been terminated in favor of Plaintiff. Therefore, Plaintiff's claims related to the initiation of the disciplinary charges will be dismissed.

Nor does Plaintiff's allegation that his parole has been deferred state a claim for relief. For Plaintiff to state a claim based upon an alleged violation of due process, he must have a valid liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A liberty or property interest must rise to more than "an abstract need or desire" and must also be based upon more than a "unilateral hope." *Id.* (internal quotation marks and citation omitted). An individual must have a legitimate claim of entitlement. No liberty or property interest exists here because a convicted person has no particular right to be paroled in Kentucky before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999) ("Kentucky courts have repeatedly held that there is no constitutional right to parole, but rather parole is a matter of legislative grace or executive clemency."); *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 587 (Ky. Ct. App. 1996). Also, Plaintiff's denial of eligibility for parole under Kentucky's discretionary parole system is not an "atypical and significant hardship" that would elevate it to a protected liberty interest under *Sandin v. Conner*, 515 U.S. at 484.

Therefore, the claims related to the disciplinary charge will be dismissed.

### B. Claim regarding Miranda warning

Plaintiff alleges that Defendants McDowell, Noe, and Hayden did not give him any *Miranda* warnings. Plaintiff cannot assert an independent cause of action under § 1983 based on the failure to provide *Miranda* warnings. *Gradisher v. Cty. of Muskegon*, 255 F. Supp. 2d 720, 731 (W.D. Mich. 2003). "The proper remedy for such a violation is the exclusion of evidence in

5

a criminal proceeding." *Id*. (citing *Deshawn E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998); *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999)). This claim will be dismissed for failure to state a claim.

### *C. Claim regarding Defendant Reynolds' threat*

With regard to his allegations that Defendant Reynolds told him he "would regret it" if he filed his § 1983 complaint and threatened to have charges brought, Plaintiff fails to state a claim. It is well-established that allegations of verbal harassment and threats are insufficient to state a civil-rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Mich. Dept. of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). Verbal threats and abuse made in retaliation, for example by filing grievances or lawsuits, are likewise not actionable. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002); *LaPine v. Savoie*, No. 2:14-CV-145, 2016 WL 3032042, at *5 (W.D. Mich. May 27, 2016) ("Defendant Savoie's verbal threat that Plaintiff would go to prison for a long time if he continued filing letters of concern and lawsuits is not sufficient to state a claim of retaliation."). Similarly, a threat regarding pressing charges also is not actionable. *LaPine v. Savoie*, 2016 WL 3032042, at *5 ("Defendant Savoie's verbal threat that he would speak to the prosecutor in Plaintiff's case if Plaintiff did not stop filing complaints is not sufficient to state a constitutional deprivation either."). Thus, this claim will be dismissed.

### *D. Claim regarding Defendant Allen*

Finally, with regard to Plaintiff's allegation that Defendant Allen is liable because, as Jailer, he must know what is going on at HCDC, Plaintiff fails to state a claim. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Rather, to establish supervisory liability in a § 1983 action:

> [t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, even if Plaintiff had sufficiently alleged a constitutional violation on the part of another Defendant, Plaintiff fails to demonstrate any facts showing that Defendant Allen encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Even a jailer's awareness of a specific incident is insufficient to demonstrate liability. *Shehee v. Luttrell*, 199 F.3d at 300 (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983.").

## III. CONCLUSION

For the foregoing reasons, by separate Order, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Date:


cc: Plaintiff, *pro se*
  Defendants
  Hardin County Attorney
4415.009